UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

EMILY DOMINGUEZ; JANICE
DOMINGUEZ; LUZ MARINA GUTIERREZ,

                        Plaintiffs,

                -against-

THOMAS E. WALSH II OF ROCKLAND
COUNTY DISTRICT ATTORNEY; EDWIN
DAY A/K/A ED DAY COUNTY EXECUTIVE
OF ROCKLAND COUNTY; COUNTY
ATTORNEY OF ROCKLAND COUNTY;
DOMINIC A. CRISPO ASSISTANT DISTRICT
ATTORNEY OF ROCKLAND COUNTY;
GRAHAM CHAPMAN ASSISTANT
DISTRICT ATTORNEY OF ROCKLAND
COUNTY; DEIDRE SMITH-WITHERS
INVESTIGATOR FOR THE ROCKLAND
COUNTY DISTRICT ATTORNEY OFFICE;
JOHN DOE INVESTIGATOR OF THE
ROCKLAND COUNTY DISTRICT
ATTORNEY OFFICE,

                        Defendants.

22-CV-7916 (KMK)

ORDER OF DISMISSAL
WITH LEAVE TO REPLEAD

KENNETH M. KARAS, United States District Judge:

       Emily Dominguez, Janice Dominguez, and Luz Marina Gutierrez bring this *pro se* action,

for which the filing fees have been paid, alleging that Defendants violated their federally

protected rights.  For the reasons set forth below, the Court dismisses the complaint with leave to

replead.

## STANDARD OF REVIEW

       The Court has the authority to dismiss a complaint, even when the plaintiff has paid the

filing fee, if it determines that the action is frivolous, *Fitzgerald v. First E. Seventh Tenants

Corp.*, 221 F.3d 362, 363–64 (2d Cir. 2000) (*per curiam*) (citing *Pillay v. INS*, 45 F.3d 14, 16–17

(2d Cir. 1995) (*per curiam*) (holding that Court of Appeals has inherent authority to dismiss

frivolous appeal)), or that the Court lacks subject matter jurisdiction, *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574, 583 (1999).  The Court also may dismiss an action for failure to state a claim, "so long as the plaintiff is given notice and an opportunity to be heard."  *Wachtler v. County of Herkimer*, 35 F.3d 77, 82 (2d Cir. 1994) (citation and internal quotation marks omitted).  The Court is obliged, however, to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original).

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.  A complaint states a claim for relief if the claim is plausible.  *Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)).  To review a complaint for plausibility, the Court accepts all well-pleaded factual allegations as true and draws all reasonable inferences in the pleader's favor.  *Iqbal*, 556 U.S. at 678-79 (citing *Twombly*, 550 U.S. at 555).  But the Court need not accept "[t]hreadbare recitals of the elements of a cause of action," which are essentially legal conclusions.  *Id*. at 678 (citing *Twombly*, 550 U.S. at 555).  After separating legal conclusions from well-pleaded factual allegations, the court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief.  *Id*.

## BACKGROUND

Listed as Plaintiffs in the caption of this complaint are Emily Dominguez; her sister, Janice Dominguez; and Luz Marina Gutierrez.[1]  The named defendants are Rockland County District Attorney (DA) Thomas E. Walsh II; Rockland County DA's Office Investigator Diedre

---

[1] For purposes of this order, the Court refers to Emily Dominguez as "Plaintiff."

Smith-Withers; Rockland County Assistant District Attorneys ("ADAs") Graham Chapman and

Dominic A. Crispino; Rockland County Executive Ed Day; and the County Attorney of

Rockland County (collectively, the "DA Defendants").[2]  The Court accepted this matter, upon

motion, as related to *Dominquez v. Walsh*, ECF 7:22-CV-6443, 1 (KMK) (S.D.N.Y. filed July

29, 2022) (*Dominguez I.*)  In *Dominguez I*, Plaintiff alleged that the Rockland County DA's

Office improperly amended her criminal charges, which resulted in her being rearrested and

subjected to excessive force.

The following facts are drawn from the complaint.  On September 8, 2022, the DA

Defendants told the Rockland County Court judge presiding over Plaintiff's criminal case about

*Dominguez I*, actions Plaintiff filed in state court under the New York State Freedom of

Information Law (FOIL), and a letter of complaint that she wrote to the Orange County DA's

Office seeking an investigation into the Rockland County DA's Office.  (*See generally* Compl.

(Dkt. 1).)  The DA Defendants accused Plaintiff of attempting to "intimidate" them and

improperly influence the criminal case, and asked the judge to "intervene" in the civil matters.

Plaintiff alleges that the DA Defendants "used their position to push up the court date stating that

a plea had to be taken that day or start trial asap [sic] because the [j]udge was fuming" about

Plaintiff's filings.  (*Id.* at 11.)  It is not clear what action, if any, the judge took.  Plaintiff alleges

that the DA Defendants' violated her First Amendment right to "free speech and expression"; her

Fourth Amendment right to "privacy and freedom from unreasonable intrusions by the

government"; and her Fourteenth Amendment right to life, liberty, due process, and equal

---

[2] Walsh and Smith-Withers are also named as defendants in both *Dominguez I*, as are
ADAs Jacob B. Sher and Tina Guccione; and DA Investigator Conor Fitzgerald.

protection.  (*Id.* at 2–3.)  Plaintiff further asserts state law claims of negligence and violations of the state FOIL law, and she seeks $3 million in money damages.  (*Id.* at 17.)

According to the complaint, Janice Dominguez and Luz Marina Gutierrez are also facing criminal charges and have attorneys who are "working out the logistic[s] and plea offers that were being provided."  (*Id.* at 11.)

## DISCUSSION

### A.    Janice Dominguez and Luz Marina Gutierrez

The jurisdiction of the federal courts is limited to resolving "cases and controversies." *Mahon v. Ticor Title Ins. Co.*, 683 F.3d 59, 62 (2d Cir. 2012).  Standing to bring a lawsuit is a threshold requirement that prevents a plaintiff from bringing claims before a court unless there is a case or controversy.  *See Warth v. Seldin*, 422 U.S. 490, 498 (1975) ("[W]hether the plaintiff has made a 'case or controversy' . . . within the meaning of Article III . . . is the threshold question in every federal case, determining the power of the court to entertain the suit."); *see also Arizonans for Official English v. Ariz.*, 520 U.S. 43, 64 (1997).  Standing requires a plaintiff to show "(1) an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision."  *Gill v. Whitford*, 138 S. Ct. 1916, 1929 (2018) (internal quotation marks omitted); *accord Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016).  The burden of establishing standing to sue rests with the party bringing the action, *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992), and "[a] plaintiff must demonstrate standing for each claim he seeks to press," *Daimler Chrysler Corp. v. Cuno*, 547 U.S. 332, 352 (2006).

It is not clear that Janice Dominguez and Luz Marina Gutierrez have standing to be parties to this Action.  It appears that they are also facing criminal charges, but the complaint is written solely from the perspective of Emily Dominguez, and it is not clear how what took place

during Plaintiff's criminal proceeding affected them or implicated their federally protected

rights.  Accordingly, Janice Dominguez and Luz Marina Gutierrez are dismissed as Plaintiffs

from this Action.  Should they wish to be parties to this Action, any amended pleading they file

must contain facts showing that they have standing to be parties to this Action.

**B.      Emily Dominguez**

The Court construes Plaintiff's allegations as arising under 42 U.S.C. § 1983.  To state a

claim under Section 1983, a plaintiff must allege both that: (1) a right secured by the

Constitution or laws of the United States was violated, and (2) the right was violated by a person

acting under the color of state law, or a "state actor."  *West v. Atkins*, 487 U.S. 42, 48–49 (1988).

In addition, to state a Section 1983 claim, a plaintiff must allege facts showing the

defendants' direct and personal involvement in the alleged constitutional deprivation.  *See*

*Spavone v. N.Y. State Dep' t of Corr. Serv.*, 719 F.3d 127, 135 (2d Cir. 2013) ("It is well settled

in this Circuit that personal involvement of defendants in the alleged constitutional deprivations

is a prerequisite to an award of damages under § 1983.") (internal quotation marks and citation

omitted).  A defendant may not be held liable under § 1983 solely because that defendant

employs or supervises a person who violated the plaintiff's rights.  *See Ashcroft v. Iqbal*, 556

U.S. 662, 676 (2009) ("Government officials may not be held liable for the unconstitutional

conduct of their subordinates under a theory of *respondeat superior*.").  Rather, "[t]o hold a state

official liable under § 1983, a plaintiff must plead and prove the elements of the underlying

constitutional violation directly against the official . . . ."  *Tangreti v. Bachmann*, 983 F.3d 609,

620 (2d Cir. 2020).

The complaint does not comply with Rule 8, because it does not contain sufficient facts

showing that Plaintiff is entitled to relief from Defendants.  *See Iqbal*, 556 U.S. at 678–79 (2009)

(explaining that a complaint must contain sufficient facts to raise a "plausible" claim for relief).

Plaintiff alleges that one or more of the DA Defendants told the state court judge about

Plaintiff's civil filings, but she does not allege what action, if any, the judge took in response to

that information.  The complaint thus fails to establish that Plaintiff suffered an injury because of

the comments or that there were any adverse consequences to her.

Plaintiff also fails to show how each defendant was personally involved in what occurred.

Plaintiff alleges that the "Rockland County District Attorney's Office" made the comments, but

she does not specify which DA Defendant actually made the statements.[3]  In addition, Plaintiff

names the Rockland County Executive and County Attorney, but she fails to allege how they

were personally involved in violating her federally protected rights.  The mere fact that they hold

leadership positions is insufficient to hold them liable for what occurred.

**C.     Supplemental jurisdiction**

Plaintiff's allegations could give rise to state-law claims.  A district court may decline to

exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over

which it has original jurisdiction."  28 U.S.C. § 1367(c)(3).  Generally, "when the federal-law

---

[3] Another hurdle is that prosecutors are immune from civil suits for damages for acts committed within the scope of their official duties where the challenged activities are not investigative in nature but, rather, are "'intimately associated with the judicial phase of the criminal process.'"  *Giraldo v. Kessler*, 694 F.3d 161, 165 (2d Cir. 2012) (quoting *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976)); *see also Buckley v. Fitzsimmons*, 509 U.S. 259, 269 (1993) (absolute immunity is analyzed under a "functional approach" that "looks to the nature of the function performed, not the identity of the actor who performed it" (internal quotation marks and citations omitted)).  In addition, prosecutors are absolutely immune from suit for acts that may be administrative obligations but are "directly connected with the conduct of a trial."  *Van de Kamp v. Goldstein*, 555 U.S. 335, 344 (2009); *see also Ogunkoya v. Monaghan*, 913 F.3d 64, 70-72 (2d Cir. 2019) (holding that ADAs' direction as to where criminal defendant would be arraigned was in preparation for a court proceeding in which the prosecutors were acting as advocates, and ADAs were therefore shielded by absolute immunity (citing, *inter alia*, *Van de Kamp*).  Here, Plaintiff's claims against the DA Defendants appear to be based on actions taken within the scope of their official duties and associated with the conduct of a trial, for which they likely enjoy immunity.  Any amended complaint should address this immunity issue.

claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)).  It is not clear that Plaintiff can state a federal claim over which the Court has original jurisdiction. If Plaintiff chooses to amend her complaint, and the amended complaint states a federal claim, the Court will decide whether to exercise its supplemental jurisdiction of Plaintiff's state-law claim.  *See Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'") (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997)).

## LEAVE TO REPLEAD

Plaintiff proceeds in this matter without the benefit of an attorney.  District courts generally should grant a self-represented plaintiff an opportunity to amend a complaint to cure its defects, unless amendment would be futile.  *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988).  Indeed, the Second Circuit has cautioned that district courts "should not dismiss [a *pro se* complaint] without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (quoting *Gomez v. USAA Fed. Sav. Bank*, 171 F.3d 794, 795 (2d Cir. 1999)).  In light of Plaintiff's *pro se* status, the Court grants Plaintiff 30 days' leave to replead her claims in an amended complaint.  Janice Dominguez and Luz Marina Gutierrez may be plaintiffs in the amended complaint if they have standing to do so.[4]

---

[4] Janice Dominguez and Luz Marina Gutierrez did not sign the complaint.  Rule 11(a) of the Federal Rules of Civil Procedure provides that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented."  *See also* Local Civil Rule 11.1(a).  The Supreme Court

**CONCLUSION**

The complaint is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

If Plaintiff chooses to amend her complaint, either with or without Janice Dominguez and Luz Marina Gutierrez, she must submit the amended complaint to this Court's Pro Se Intake Unit within 30 days of the date of this order, caption the document as an "Amended Complaint," and label the document with docket number 22-CV-7916 (KMK). An Amended Complaint form is attached to this order.

If Plaintiff fails to submit an amended complaint within the time allowed and does not show good cause to excuse such failure, the Court will enter a civil judgment consistent with this order and direct the Clerk of Court to terminate this matter.

Although the Clerk of Court issued summonses in this case, no answers are required by any defendant until further notice by the Court.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated:    October 24, 2022
          White Plains, New York

_____
          KENNETH M. KARAS
          United States District Judge

---

has interpreted Rule 11(a) to require "as it did in John Hancock's day, a name handwritten (or a mark handplaced)." *Becker v. Montgomery*, 532 U.S. 757, 764 (2001). Any amended complaint that Janice Dominguez and Luz Marina Gutierrez file must bear their signatures.

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

_____

Write the full name of each plaintiff.


-against-


_____

_____

_____

_____

Write the full name of each defendant. If you need more space, please write "see attached" in the space above and attach an additional sheet of paper with the full list of names. The names listed above must be identical to those contained in Section II.

_____CV_____

(Include case number if one has been assigned)


**AMENDED**

**COMPLAINT**

Do you want a jury trial?
☐ Yes    ☐ No


---

**NOTICE**

The public can access electronic court files. For privacy and security reasons, papers filed with the court should therefore *not* contain: an individual's full social security number or full birth date; the full name of a person known to be a minor; or a complete financial account number. A filing may include *only*: the last four digits of a social security number; the year of an individual's birth; a minor's initials; and the last four digits of a financial account number. See Federal Rule of Civil Procedure 5.2.

---

Rev. 2/10/17

## I.   BASIS FOR JURISDICTION

Federal courts are courts of limited jurisdiction (limited power). Generally, only two types of cases can be heard in federal court: cases involving a federal question and cases involving diversity of citizenship of the parties. Under 28 U.S.C. § 1331, a case arising under the United States Constitution or federal laws or treaties is a federal question case. Under 28 U.S.C. § 1332, a case in which a citizen of one State sues a citizen of another State or nation, and the amount in controversy is more than $75,000, is a diversity case. In a diversity case, no defendant may be a citizen of the same State as any plaintiff.

What is the basis for federal-court jurisdiction in your case?

☐   **Federal Question**

☐   **Diversity of Citizenship**

## A.   If you checked Federal Question

Which of your federal constitutional or federal statutory rights have been violated?

_____

_____

_____

_____

## B.   If you checked Diversity of Citizenship

### 1.   Citizenship of the parties

Of what State is each party a citizen?

The plaintiff , _____ , is a citizen of the State of

  (Plaintiff's name)

_____

(State in which the person resides and intends to remain.)

or, if not lawfully admitted for permanent residence in the United States, a citizen or subject of the foreign state of

_____ .

If more than one plaintiff is named in the complaint, attach additional pages providing information for each additional plaintiff.

If the defendant is an individual:

The defendant, _____, is a citizen of the State of
_____(Defendant's name)

_____
or, if not lawfully admitted for permanent residence in the United States, a citizen or
subject of the foreign state of

_____.

If the defendant is a corporation:

The defendant, _____, is incorporated under the laws of

the State of _____

and has its principal place of business in the State of _____

or is incorporated under the laws of (foreign state) _____

and has its principal place of business in _____.

If more than one defendant is named in the complaint, attach additional pages providing
information for each additional defendant.

## II.  PARTIES

### A.  Plaintiff Information

Provide the following information for each plaintiff named in the complaint. Attach additional
pages if needed.

_____
First Name                          Middle Initial          Last Name

_____
Street Address

_____
County, City                              State                    Zip Code

_____          _____
Telephone Number                         Email Address (if available)

Page 3

## B.   Defendant Information

To the best of your ability, provide addresses where each defendant may be served. If the correct information is not provided, it could delay or prevent service of the complaint on the defendant. Make sure that the defendants listed below are the same as those listed in the caption. Attach additional pages if needed.

Defendant 1: _____

First Name                              Last Name
_____

Current Job Title (or other identifying information)
_____

Current Work Address (or other address where defendant may be served)
_____

County, City                         State                    Zip Code

Defendant 2: _____

First Name                              Last Name
_____

Current Job Title (or other identifying information)
_____

Current Work Address (or other address where defendant may be served)
_____

County, City                         State                    Zip Code

Defendant 3: _____

First Name                              Last Name
_____

Current Job Title (or other identifying information)
_____

Current Work Address (or other address where defendant may be served)
_____

County, City                         State                    Zip Code

Defendant 4:

_____

First Name                    Last Name

_____

Current Job Title (or other identifying information)

_____

Current Work Address (or other address where defendant may be served)

_____

County, City                  State              Zip Code

## III. STATEMENT OF CLAIM

Place(s) of occurrence: _____

Date(s) of occurrence: _____

**FACTS:**

State here briefly the FACTS that support your case. Describe what happened, how you were harmed, and what each defendant personally did or failed to do that harmed you. Attach additional pages if needed.

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

Page 5

_____

_____

_____

_____

_____

_____

_____

_____

_____

_____

**INJURIES:**

If you were injured as a result of these actions, describe your injuries and what medical treatment, if any, you required and received.

_____

_____

_____

_____

_____

**IV. RELIEF**

State briefly what money damages or other relief you want the court to order.

_____

_____

_____

_____

_____

## V.  PLAINTIFF'S CERTIFICATION AND WARNINGS

By signing below, I certify to the best of my knowledge, information, and belief that: (1) the complaint is not being presented for an improper purpose (such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation); (2) the claims are supported by existing law or by a nonfrivolous argument to change existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Federal Rule of Civil Procedure 11.

I agree to notify the Clerk's Office in writing of any changes to my mailing address. I understand that my failure to keep a current address on file with the Clerk's Office may result in the dismissal of my case.

Each Plaintiff must sign and date the complaint. Attach additional pages if necessary. If seeking to proceed without prepayment of fees, each plaintiff must also submit an IFP application.

| | |
|---|---|
| Dated | Plaintiff's Signature |

| | | |
|---|---|---|
| First Name | Middle Initial | Last Name |

Street Address

| | | |
|---|---|---|
| County, City | State | Zip Code |

| | |
|---|---|
| Telephone Number | Email Address (if available) |

I have read the Pro Se (Nonprisoner) Consent to Receive Documents Electronically:

☐ Yes   ☐ No

If you do consent to receive documents electronically, submit the completed form with your complaint. If you do not consent, please do not attach the form.